USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARA KATZ,

               Plaintiff,          06 Civ. 3707 (JGK)

  - against -                MEMORANDUM OPINION
                                      AND ORDER
IMAGE INNOVATIONS HOLDINGS, INC., et
al.,

               Defendants.

---

JOHN G. KOELTL, District Judge:

This is an unopposed motion by the law firm McCarter & English, LLP ("McCarter") requesting the fixation of a retaining lien for outstanding legal fees and disbursements in connection with its representation of defendants Joseph Radcliffe, Michael Radcliffe, Michelle Radcliffe, and Denise Constable (the "Radcliffe Defendants"). The motion arises from the Court's Order, dated December 23, 2008, granting McCarter leave to withdraw as counsel in the underlying litigation.

I.

McCarter previously represented the Radcliffe defendants from in or about September 2006 until December 23, 2008, when the Court granted McCarter leave to withdraw as counsel. (Moran Declaration, Jan. 21, 2009, ¶¶ 3, 5.) McCarter now moves for the fixation of a retaining lien in the amount of $387,996.47 against the papers and property of the Radcliffe defendants, in

1

order to secure the amount of McCarter's outstanding legal fees and disbursements in its representation of those defendants in the underlying litigation. (Id., ¶ 6.)

McCarter obtained excellent results for the Radcliffe defendants in the underlying litigation, obtaining the dismissal of the claims against Michelle Radcliffe and Denise Constable and of the counterclaims of co-defendant Michael Preston against the Radcliffe defendants. (Moran Declaration, Oct. 28, 2008, ¶¶ 6-7.) Moreover, McCarter provided legal services to the Radcliffe defendants in connection with the bankruptcy of co-defendant Image Innovations Holdings, Inc., and successfully represented Joseph Radcliffe in New York state court. (Id., ¶ 3.) For these services, the Radcliffe defendants accrued a total of $412,996.47 in attorney's fees and disbursements. (Id., ¶ 10.) The Radcliffe defendants have made only one payment of $25,000 to McCarter, bringing the account balance to $387,996.47. (Id., ¶ 10.)

In light of these facts, the Court granted McCarter's motion to withdraw as counsel on December 23, 2008. On January 21, 2009, McCarter filed this motion for the fixation of a retaining lien.

## II.

It is well settled in this Circuit that an attorney may claim a retaining lien for outstanding unpaid fees and

disbursements on a client's papers and property that came into the attorney's possession as the result of his professional representation of that client. See Pomerantz v. Schandler, 704 F.2d 681, 683 (2d Cir. 1983) (per curiam) (citing In re San Juan Gold, Inc., 96 F.2d 60 (2d Cir. 1938)). This right to a retaining lien is grounded in common law, and is enforced in federal courts unless a specific federal law alters the parties' rights. See Allstate Ins. Co. v. Nandi, 258 F.Supp.2d 309, 311 (S.D.N.Y. 2003) (citing Rivkin v. A.J. Hollander & Co., Inc., No. 95 Civ. 9314, 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996)). In this case, no federal law prevents the Court from fixing a retaining lien.

The decision to fix a retaining lien lies within the discretion of the district court. See Allstate, 258 F.Supp.2d at 311 (citing Pay Television of Greater New York, Inc. v. Sheridan, 766 F.2d 92, 94 (2d Cir. 1985) (per curiam)). A retaining lien attaches "when the action is commenced and remains in force when an attorney is discharged without cause." See Allstate, 258 F.Supp.2d at 312 (quoting Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016, 1999 WL 335334, at *8 (S.D.N.Y. May 26, 1999)). While an attorney who has been discharged for cause has no right to compensation or to a retaining lien, an attorney who has been discharged without cause is entitled to be paid a fee on a quantum meruit basis for

3

the reasonable value of the legal services that were provided. See Viada v. Osaka Health Spa, Inc., No. 04 Civ. 2744, 2005 WL 3481196, at *2 (S.D.N.Y. Dec. 19, 2005) (citing Gurry v. Glaxo Wellcome, Inc., No. 98 Civ. 6243, 2000 WL 1702028, at *1 (S.D.N.Y. Nov. 14, 2000)). When counsel is granted leave to withdraw by the court, the discharge is not for cause. See Viada, 2005 WL 3481196, at *2. Absent a defendant's urgent need for the papers subject to the retaining lien, such as for a criminal trial, the Court of Appeals for the Second Circuit has held it an abuse of discretion to require withdrawing counsel to turn over papers subject to a retaining lien without conditioning it on payment or posting bond for payment of outstanding legal fees. See Pomerantz, 704 F.2d at 683-684.

In this case, McCarter's discharge was clearly not for cause because the Court granted McCarter leave to withdraw. Furthermore, the Radcliffe defendants do not have an urgent need for the papers in their ongoing defense, nor have they demonstrated an inability to pay the outstanding fees. Indeed, the Radcliffe defendants did not oppose this motion for a retaining lien. Therefore, McCarter is plainly entitled to a retaining lien.

### III.

The amount of a retaining lien is determined by the district court. See Allstate, 258 F.Supp.2d at 312-313 (citing

4

Ross v. Mitsui Fudosan, Inc., No. 97 Civ. 0975, 1998 WL 556171, at *3 (S.D.N.Y. Sept. 1, 1998)). In determining a reasonable amount for a retaining lien, courts review several factors, including (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the results obtained. See Viada, 2005 WL 3481196, at *2 (quoting Casper v. Lew Lieberbaum & Co., Inc., 182 F.Supp.2d 342, 346 (S.D.N.Y. 2002)).

The amount of the retaining lien requested by McCarter is generally reasonable. McCarter provided excellent representation in several difficult matters over an extensive period of time, and obtained favorable outcomes for the Radcliffe defendants. McCarter provided the Court a detailed account of its billing practices in this action, including the billed hours, hourly rates, and disbursements paid. (See Ex. A, Moran Decl., Jan. 21, 2009.) Generally, partners billed at no more than $475 per hour. While two additional partners billed at $600 per hour, those two partners billed only 66 of the 1,150 hours McCarter expended in this action, and the partners' rates are within those otherwise approved in other cases in this District. See, e.g., Takeda Chem. Indus. v. Mylan Laboratories, Inc., Nos. 03 Civ. 8253 and 04 Civ. 1966, 2007 WL 840368, at

*10-*11 (S.D.N.Y. Mar. 21, 2007) (approving hourly rates of $600 for experienced partners).

There is some duplication caused by McCarter's employment of 14 attorneys in this matter, and its billing for internal conferences. (See generally Ex. A, Moran Decl., Jan. 21, 2009.) A deduction of 5 percent from the attorney's fees adequately compensates for this inefficiency. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983) (endorsing percentage reductions as a practical means of reducing a fee application to avoid an excessive fee, and noting percentage reductions of 5% to 22%); Mr. X v. New York State Educ. Dept., 20 F.Supp.2d 561, 564 (S.D.N.Y. 1998) (reducing requested attorney's fees award by twenty percent for, among other considerations, duplicative work).

Therefore, the Court will reduce McCarter's requested attorney's fees of $376,535.01 by 5 percent to $357,708.26. Adding the disbursements of $11,461.46, the Court fixes the amount of the retaining lien at $369,169.72.

## CONCLUSION

McCarter's motion for the fixation of a retaining lien is **granted**. The amount of the retaining lien is fixed at $369,169.72. McCarter is directed to turn over all documents subject to the retaining lien to the Radcliffe defendants or their representative within three business days after the

6

Radcliffe defendants pay that amount or post a surety bond in that amount in favor of McCarter. The Clerk is directed to close Docket No. 192.

**SO ORDERED.**

Dated:   New York, New York
         May 27, 2009

                                      John G. Koeltl
                                      United States District Judge