```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------
SARA KATZ, on behalf of herself
and all others similarly situated,
                                        06 Civ. 3707 (JGK)
               Plaintiff,
                                        MEMORANDUM OPINION AND
      - against -                       ORDER

IMAGE INNOVATIONS HOLDINGS, INC., et
al.,

               Defendants.
----------------------------------
```

**JOHN G. KOELTL, District Judge:**

This is a purported class action for securities fraud brought on behalf of the purchasers of the stock of Image Innovation Holdings, Inc. ("Image"). The plaintiffs move to certify a class consisting of all persons who purchased Image stock during the period from April 13, 2004 through March 16, 2006 (the "class period") pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). The plaintiffs also seek certification as Class Representatives and the appointment of Lead Counsel, Federman & Sherwood, as Class Counsel. The motion is unopposed, but the Court has carefully considered the motion in any event.

I

The following facts are presumed true for the purposes of this motion. Image was in the business of selling high and

medium-value sports and entertainment celebrity artwork and collectibles. (Am. Compl. ¶ 33.) The gravamen of the plaintiffs' complaint is that Image's financial results reflected revenues that were artificially enhanced through the recording of fictitious sales. (Am. Compl. ¶¶ 118-201.)

    The plaintiffs allege that Image materially misrepresented its financial results and position throughout the Class Period, including improperly reporting revenues of $6.1 million in its annual report for fiscal year 2004, filed with the SEC on Form 10-KSB on April 15, 2005. (Am. Compl ¶ 134.) On December 5, 2005, Image's Audit Committee concluded that a forensic accounting investigation concerning Image's 2004 annual report would be necessary to confirm Image's recorded revenue and receivables. (Am. Compl. ¶ 150.) On March 16, 2006, the forensic accounting firm retained by the Audit Committee to conduct the investigation presented preliminary findings to the Audit Committee, concluding that a number of items of revenue and receivables with respect to Image's inventory sales were improperly recorded. (Am. Compl. ¶ 151.) On this same day and based on these findings, the Audit Committee determined that the 2004 annual report could no longer be relied upon. (Am. Compl. ¶ 151.) The following day, Image stock fell about 16% from $1.55 on March 17, 2006 to $1.30 on March 20, 2006, the next trading day. (Am. Compl. ¶ 152.)

The plaintiffs assert claims pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), respectively, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  The plaintiffs move to certify a class consisting of all persons who purchased Image stock during the class period.

## II

Before certifying a class, the Court must determine that the party seeking certification has satisfied the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  See, e.g., Marisol A. v. Giuliani, 126 F.3d 372, 375 (2d Cir. 1997); Comer v. Cisneros, 37 F.3d 775, 796 (2d Cir. 1994); In re Buspirone Patent & Antitrust Litig., 210 F.R.D. 43, 56-57 (S.D.N.Y. 2002); Dajour B. v. City of New York, No. 00 Civ. 2044, 2001 WL 1173504, at *3 (S.D.N.Y. Oct. 3, 2001).  The Court must find, more specifically, that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The Court must also find that the party

qualifies under one of the three sets of criteria set forth in Rule 23(b)(1), (2), or (3).  See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997); Comer, 37 F.3d at 796.

The plaintiffs here seek certification under Rule 23(b)(3), which provides for a class to be maintained where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  If the Court finds both that the requirements of 23(a) have been met, and that the claims fall within the scope of Rule 23(b)(3), the Court may, in its discretion, certify the class.  See In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006) ("[A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met."); In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 290 (2d Cir. 1992); Krueger v. New York Tel. Co., 163 F.R.D. 433, 438 (S.D.N.Y. 1995); Dajour B., 2001 WL 1173504, at *3.

A motion for class certification should not, however, become a mini-trial on the merits.  See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974); Krueger, 163 F.R.D. at 438.  The dispositive question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but

4

rather whether the requirements of Rule 23 have been met.  See Eisen, 417 U.S. at 178 (citing Miller v. Mackey Int'l, 452 F.2d 424, 427 (5th Cir. 1971) (Wisdom, J.)).  It would be both unwise and unfair to reach the merits of a dispute in this context: resolution of merits issues at this stage might allow some parties seeking certification to secure the benefits of the class action mechanism without first having met its requirements, and might subject some parties to adverse merits rulings without the benefit of the rules and procedural safeguards that traditionally apply in civil trials.  See Eisen, 417 U.S at 177-78.  In deciding this motion, the Court should therefore refrain from deciding any material factual disputes between the parties concerning the merits of the claims, see, e.g., Sirota v. Solitron Devices, Inc., 673 F.2d 566, 570-72 (2d Cir. 1982); Meyer v. Macmillan Publ'g Co., 95 F.R.D. 411, 414 (S.D.N.Y. 1982), and should accept the underlying allegations from the Amended Class Action Complaint as true.  See Shelter Realty Corp. v. Allied Maint. Corp., 574 F.2d 656, 661 n.15 (2d Cir. 1978).

At the same time, the Court must conduct a "rigorous analysis" to determine whether the relevant requirements of Rule 23 have been met.  See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).  The burden of persuasion lies with the party seeking certification, in this case the plaintiffs.  See, e.g.,

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 234 (S.D.N.Y. 1992). In deciding whether the requirements of Rule 23 have been met, the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery. See, e.g., Sirota, 673 F.2d at 571; Chateau de Ville Prods. v. Tams-Witmark Music Library, Inc., 586 F.2d 962, 966 (2d Cir. 1978). Hence, the issue on this motion is whether the plaintiffs have met their burden of establishing, on the basis of the pleadings, affidavits, and the results of discovery, that the four prerequisites of Rule 23(a) have been met, and that the proposed class can be maintained under Rule 23(b)(3). See Dajour B., 2001 WL 1173504, at *4; Krueger, 163 F.R.D. at 438.

### III

Courts have consistently held that claims alleging violations of Sections 10(b) and 20(a) of the Exchange Act are especially amenable to class certification. See, e.g., Amchem Prods., 521 U.S. at 624; Green v. Wolf Corp., 406 F.2d 291, 296 (2d Cir. 1968); In re NYSE Specialists Sec. Litig., 260 F.R.D. 55, 75 (S.D.N.Y. 2009). Indeed, courts have acknowledged that "[b]ecause of the usefulness of class actions in addressing allegations of securities fraud, the class certification requirements of Rule 23 are to be construed liberally." Darquea

6

v. Jarden Corp., No. 06 Civ. 722, 2008 WL 622811, at *4 (S.D.N.Y. Mar. 6, 2008) (citing Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 179 (2d Cir. 1990)); see also Maywalt v. Parker & Parsley Petroleum Co., 147 F.R.D. 51, 54 (S.D.N.Y. 1993) (finding that the Court of Appeals for the Second Circuit has a "preference for class certification in securities cases").

## IV

### A. Numerosity

The plaintiffs seek to certify a class of all "purchasers of Image securities during the period of April 13, 2004 through March 16, 2006" (the "Class"). (Am. Compl. ¶ 1.) The plaintiffs allege that approximately 1.2 million shares of Image common stock were acquired by investors during the class period. According to Image's 2004 Annual Report, filed with the SEC on Form 10-KSB, Image had 24,910,000 shares of common stock outstanding and 412 shareholders of record on April 11, 2005. (Emmons Decl. Ex. 1.) Because of the large number of potential class members and the obvious inefficiencies of trying these lawsuits individually, and because the defendants do not oppose certification of the class on such grounds, the Class is sufficiently large to satisfy the Rule 23(a) numerosity requirement. See, e.g., Town of New Castle v. Yonkers

Contracting Co., 131 F.R.D. 38, 40 (S.D.N.Y. 1990) (generally excess of 40 plaintiffs satisfies numerosity requirement).

### B. Commonality

The commonality component of Rule 23(a) requires that the plaintiffs show that there are questions of law or fact common to the aggrieved class. See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 245 (2d Cir. 2007); Bishop, 141 F.R.D. at 237. "Commonality does not mandate that all class members make identical claims and arguments." Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 198 (S.D.N.Y. 1992).

The plaintiffs assert that common issues are prevalent in this case, including whether: (a) the defendants made material misrepresentations and omissions in Image's SEC filings and press releases concerning Image's financial results and position; (b) the defendants acted with the requisite scienter; (c) Image stock was inflated by such misconduct during the Class Period; and (d) Class members suffered a loss when partial and more complete disclosures about the fraud were made. (See Am. Compl. ¶ 31.) In comparable situations, courts have found the commonality requirement to have been satisfied. See, e.g., In re SCOR Holding (Switz.) AG Litig., 537 F. Supp. 2d 556, 571 (S.D.N.Y. 2008); In re Oxford Health Plans, Inc., 191 F.R.D.

8

369, 374-75 (S.D.N.Y. 2000).  The defendants do not oppose certification of the class on this ground.  Moreover, these common questions amply satisfy Rule 23(a)(2).

### C. Typicality

The Rule 23(a)(3) typicality requirement tends to merge with the commonality requirement since both serve as "guideposts for determining whether . . . the class claims are so interrelated that the interests of the class members will be firmly and adequately protected."  Falcon, 457 U.S. at 158 n.13. The same is true with respect to the Rule 23(a)(4) adequacy of representation element such that "the existence of the third and fourth prerequisites is thus influenced by [the Court's] view of the second."  In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 164 (2d Cir. 1987).  Accordingly, the Court considers the typicality and adequacy of representation issues in light of the strength with which the plaintiffs have satisfied the commonality element of Rule 23.  See Krueger, 163 F.R.D. at 442.

The typicality element of Rule 23(a)(3) requires that the claims of the representative plaintiffs be typical of those of the class.

> [The Rule] does not require that the factual background of the named plaintiff's case be identical with that of other members of the class, but that the disputed issue occupy essentially the same degree of

9

>centrality to the named plaintiffs claim as to that of other members of the proposed class.

<u>Bishop</u>, 141 F.R.D. at 238 (quoting <u>Burka v. New York City Transit Auth.</u>, 110 F.R.D. 595, 604-05 (S.D.N.Y. 1986)).

The plaintiffs allege that typicality is satisfied because the claim of the representative plaintiff, that purchasers of Image common stock during the Class Period were injured by the defendants' false and misleading representations, is typical of all class members.  The defendants do not oppose class certification on this ground.  The Court is satisfied that the representative plaintiffs' claims are typical of the class.

### D. Adequacy of Representation

The fourth and final requirement of Rule 23(a) is adequacy of representation.  This requirement consists of two elements: (1) the qualification, experience and ability of the plaintiffs' attorneys; and (2) the absence of any substantial antagonism between the named plaintiffs and the class members.  See <u>Baffa v. Donaldson, Lufkin & Jenrette Sees. Corp.</u>, 222 F.3d 52, 60 (2d Cir. 2000); <u>Gruby v. Brady</u>, 838 F. Supp. 820, 826 (S.D.N.Y. 1993).  The plaintiffs' counsel have presented affidavits attesting to their experience and qualifications, and there being no objection by the defendants, the Court is satisfied that the plaintiffs' attorneys are fully competent to conduct

this litigation.  See In re Lilco Sec. Litig., 111 F.R.D. 663, 672 n.10 (E.D.N.Y. 1986).

The plaintiffs allege that the named plaintiffs possess the same interest and suffered the same injury as the class members. See Amchem Prods., 521 U.S. at 625-26.  The defendants do not dispute this, and the Court finds no basis to do so. Accordingly, and in light of the strong presence of commonality and typicality in this case, see Falcon, 457 U.S. at 158 n.13, the Court finds that the plaintiffs have satisfied Rule 23(a)(4).

V

The final requirement for class certification is that one of the three types of class actions pursuant to Rule 23(b) be appropriate.  The plaintiffs argue that the Class satisfies the requirements of Rule 23(b)(3), which authorizes a class action where "questions of law or fact common to class members predominate" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The factors that are relevant to the Court's analysis include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability

11

>    of concentrating the litigation of the claims in the
>    particular forum; and (D) the likely difficulties in
>    managing a class action.

Fed. R. Civ. P. 23(b)(3).

### A. Predominance

"Predominance is a test readily met in certain cases alleging consumer or securities fraud . . . ." Amchem Prods., 521 U.S. at 625. The predominance test is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." In re Vivendi Universal, S.A., 242 F.R.D. 76, 90 (S.D.N.Y. 2007) (quoting Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002).

Rule 23(b)(3) is designed for actions that will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem Prods., 521 U.S. at 615 (citation omitted). The Rule 23(b)(3) predominance inquiry is more demanding than the commonality determination required by Rule 23(a). Moore, 306 F.3d at 1252. The court must look closely at each of the Rule 23(b)(3) criteria. Id.

The plaintiffs allege that they will prove, on a common basis, the elements of their Section 10(b) and 20(a) claims, establishing misrepresentations and omissions were made in Image's SEC filings and establishing that the fraud on the market theory applies to these claims.

Predominance is established here because the same legal theory underlies all class members' claims, and those issues predominate over any minor factual damage questions. See, e.g., Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 190 (2d Cir. 2005) ("Even where there are some individualized damages issues, common issues may predominate when liability can be determined on a class-wide basis") (internal quotation and citation omitted). Common issues of law and fact generally predominate in actions, as here, alleging that materially false representations were made to large grounds of investors. See, e.g., In re Arakis Energy Corp. Sec. Litig., No. 95 Civ. 3431, 1999 WL 1021819, at *10 (E.D.N.Y. Apr. 27, 1999) ("In securities fraud class actions in which the fraud is alleged to have been carried out through public communications to a wide variety of market participants, common issues of law and fact will generally predominate over individual issues."); In re Towers Fin. Corp. Noteholders Litig., 177 F.R.D. 167, 171 (S.D.N.Y. 1997). The defendants do not oppose class certification on this

13

ground.  For these reasons, the Court finds that common issues of law and fact predominate.

### B. Superiority

Rule 23(b)(3) also requires that a class action be superior to other methods of handling the litigation.  The superiority of a class action "to other available methods for fairly and efficiently adjudicating the controversy" is established when, as here, "[t]he potential class members are both significant in number and geographically dispersed," and when "[t]he interest of the class as a whole in litigating the many common questions substantially outweighs any interests by any individual member in bringing and prosecuting separate actions."  Cromer Fin. Ltd. v. Berger, 205 F.R.D. 113, 133 (S.D.N.Y. 2001); see Fed. R. Civ. P. 23(b).

The plaintiffs are aware of no other actions proceeding on behalf of similarly situated investors on an individual basis. There are potentially hundreds of class members, and litigating each case separately would be wasteful and result in an inefficient expenditure of judicial resources.

Defendants do not disagree and, as a general rule, securities fraud cases "easily satisfy the superiority requirement [because] [m]ost violations of the federal securities laws . . . inflict economic injury on large numbers

14

of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible." Darquea, 2008 WL 622811, at *5.  In this case, the individual members of the Class have relatively small damages and will be left without any redress for the defendants' alleged violations of the Exchange Act unless this action proceeds as a class action.  See In re Worldcom, Inc. Sec. Litig., 219 F.R.D. 267, 304 (S.D.N.Y. 2003).  Accordingly, the Court finds that the class action is the superior method of adjudication.

The Rule 23(a) and (b)(3) requirements for certification of a class action have been satisfied.  The plaintiffs' motion to certify the Class is **granted**.

## VI

The plaintiffs move for the appointment of Lead Counsel, Federman & Sherwood, as Class Counsel.  Federal Rule of Civil Procedure 23(g)(1)(A) sets out the factors a court must consider in appointing Class Counsel, including: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).

The plaintiffs allege that Federman & Sherwood is qualified to serve as Class Counsel pursuant to these factors. The defendants do not object to the appointment. Having considered all of the relevant factors, the proposed Class Counsel satisfy the requirements of Rule 23(g). Accordingly, the plaintiffs' motion to appoint Federman & Sherwood as Class Counsel is **granted**.

## CONCLUSION

The plaintiffs' motion for class certification pursuant to Rule 23(a) and (b)(3) is **granted**. The plaintiffs' motion to be appointed Class Representative is **granted**. The plaintiffs' motion to appoint Lead Counsel, Federman & Sherwood, as Class Counsel is **granted**.

**SO ORDERED.**

Dated:   New York, New York
         July 21, 2010

_____
                                        John G. Koeltl
                                  United States District Judge